Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 200203-60389
DATE: May 28, 2021

REMANDED

Entitlement to an apportionment of the Veteran's VA compensation benefits is remanded.

REASONS FOR REMAND

The Veteran served on active duty from September 1974 to February 1976. The appellant is the Veteran's alleged estranged spouse.

This matter comes before the Board of Veterans' Appeals (Board) from an October 2019 decision of the VA Regional Office (RO). The appellant submitted a "Decision Review Request: Board Appeal (Notice of Disagreement)" form (VA Form 10182) that requested a direct review by the Board of the evidence considered by the agency of original jurisdiction (AOJ). Accordingly, the Board will consider the evidence of record as of the date of the October 2019 decision.

The Board cannot hold a hearing or accept into the record additional evidence in its direct review. Post AMA, the Board may only remand an issue to correct any pre-decisional duty to assist or notify errors it identifies. Pub. L. No. 115-55, § 2(d)(2). Direct review entails adjudication on an identical record; no additional development takes place.

1. Entitlement to an apportionment of the Veteran's VA compensation benefits is remanded.

Certain procedures must be followed in contested claims. Specifically, "all interested parties will be specifically notified of the action taken by the agency of original jurisdiction in a simultaneously contested claim and of the right and time limit for submitting a Notice of Disagreement to the Board, as well as hearing and representation rights." 38 C.F.R. § 20.400. Upon the filing of a Notice of Disagreement in a simultaneously contested claim, all interested parties and their representatives will be furnished a copy of the substance of the Notice of Disagreement. The notice will inform the contesting party or parties of what type of review the appellant who initially filed a Notice of Disagreement selected under §20.202(b), including whether a hearing was requested. 38 C.F.R. § 20.403.

At the outset, the Board notes that the Agency of Original Jurisdiction (AOJ) denied the appellant's claim because the Veteran stated that he believed he was divorced from the appellant. However, the Veteran has not provided a divorce decree and the appellant was not notified that the AOJ had requested supporting documentation of a divorce from the Veteran or made aware the validity of the marriage was called into question until the AOJ denied the appellant's claim. Accordingly, the Board finds that a remand is necessary in order to ensure full compliance with the contested claims procedures pursuant to 38 C.F.R. §§ 19.100-02, 20.501-05. 

The Board notes proof of divorce or termination of a prior marriage can be established by a certified copy or certified abstract of final decree of divorce or annulment specifically reciting the effects of the decree. 38 C.F.R. § 3.205(b).

The validity of a divorce decree, regular on its face, will be questioned by VA only when such validity is put in issue by a party thereto or a person whose interest in a claim for VA benefits would be affected thereby. 38 C.F.R. § 3.206.

In cases where recognition of the divorce decree is thus brought into question, where the issue is whether the veteran is single or married (dissolution of a subsisting marriage), there must be a bona fide domicile in addition to the standards of the granting jurisdiction respecting validity of divorce. 38 C.F.R. § 3.206(a). In other words, in cases where recognition of the divorce decree is brought into question, where the issue is whether the Veteran is single or married, the standards of the granting jurisdiction respecting the validity of the divorce are to be considered. 38 C.F.R. § 3.206(a). In order to properly question the validity of the divorce decree, VA must examine and apply the state law where the divorce was granted. See Sosna v. Iowa, 419 U.S. 393, 404 (1975) ("[S]tatutory regulation of domestic relations... has long been regarded as a virtually exclusive province of the States."); see also Hopkins v. Nicholson, 19 Vet. App. 165, 168 (2005) (stating that "the validity of the annulment judgment is a question of state law for the appropriate state court").

Upon remand, the AOJ should verify if the Veteran and appellant have obtained a final divorce pursuant to the relevant state law as this will affect the appellant's entitlement to apportionment to the Veteran's VA disability benefits. See 38 C.F.R. §§ 3.1(j), 3.50, 3.452. Additionally, the appellant should be afforded the opportunity to provide evidence of the invalidity of the divorce noting the standards of the jurisdiction with respect to the validity of the divorce.

Additionally, the Board notes the Veteran requested a personal hearing in his August 2019 correspondence. No hearing was scheduled. Therefore, there was a prejudicial error prior to the initial decision on appeal. Accordingly, a remand is required so that the Veteran may be afforded the personal hearing he requested from the AOJ in the August 2019 correspondence. Further, the Board notes that if a party to a contested claim requests a hearing, the other contesting claimant and representative, if any, will be notified and afforded an opportunity to be present. 38 C.F.R. § 20.711(a). Specific rules are provided for conduct of the hearing itself, to afford both parties an opportunity to be heard. The Board notes that the Veteran must be notified of such hearing in accordance with 38 C.F.R. § 20.711.

The matters are REMANDED for the following action:

1. Ensure full compliance with contested claims procedures outlined in 38 C.F.R. §§ 19.100-02, 20.501-05.

2. Afford the Veteran the personal hearing requested in August 2019. The appellant, the Veteran, and the Veteran's representative are to be notified of the scheduling of the hearing and given an opportunity to appear.

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Kelly A. Gastoukian

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.